### W. H. BAKER, Inc., et al. v. MONARCH WHOLESALE MERCANTILE CO.

(Circuit Court of Appeals, Fifth Circuit. January 6, 1921.)

No. 3615.

Bankruptcy ☞63—Petition by corporation for dissolution under state laws does not authorize involuntary proceedings against it.

The filing by a Texas corporation, which had paid or was able to pay all its creditors, of a petition for dissolution under Rev. St. Tex. 1911, arts. 1205–1207, does not authorize the creditors to have the corporation adjudged an involuntary bankrupt.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Involuntary petition in bankruptcy by W. H. Baker, Incorporated, and others, against the Monarch Wholesale Mercantile Company. From a judgment denying the adjudication and dismissing the petition, petitioners and intervening creditors appeal. Affirmed.

Hopkins & Jackson, of Denton, Tex. (George M. Hopkins, of Denton, Tex., of counsel), for appellants.

W. L. Hay, of Sherman, Tex., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. Appellee, a Texas corporation, applied to the Secretary of State for dissolution, under the provisions of articles 1205, 1206, and 1207, Texas Revised Civil Statutes of 1911.

Appellants claimed to be creditors, and three of them seized upon this procedure by appellee for its corporate dissolution as an act of bankruptcy, and the other creditors intervened. Appellee promptly paid the petitioning creditors, other than W. H. Baker, Incorporated,

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and paid into the registry of the court, after tender and refusal, the amount of $246.24 claimed to be due it, together with interest.

The court found that appellee had paid off and discharged its debts to intervening and all other creditors before either the application for dissolution or petition in bankruptcy. The evidence is not presented to us, and it ·is therefore assumed that the court decided correctly upon the issues of fact. The court also allowed, upon consent of appellee, an attorney's fee for W. H. Baker, Incorporated, of $250.

The utmost claimed by appellants is technical error in denying an adjudication and in dismissing the petition. Appellants have failed to show any injury resulting to any of them. If appellee committed any act of bankruptcy at all, it consisted solely in the circumstance that it availed itself of the laws of Texas, which provide a method for the dissolution of corporations.

The bankruptcy statute was not enacted for the purpose of enabling creditors to harass a debtor, or to prevent a debtor corporation from resorting to the laws of the state which created it for the purpose of winding up its affairs and procuring its dissolution. It would be mere officious interference with salutary statutory provisions of Texas to force the dissolution of appellee through bankruptcy proceedings.

The appeal is wholly without merit, and the judgment is affirmed.